FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ AUG 29 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY LOESCH<br><br>Plaintiff<br><br>vs.<br><br>FULTON, FRIEDMAN & GULLACE, LLP<br>&<br>DISCOVER BANK<br><br>Defendants | ECF CASE<br><br>CV11-4196<br><br>CIVIL COMPLAINT<br><br>IRIZARRY, J.<br><br>CARTER, M.J.<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Kimberly Loesch, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Kimberly Loesch, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Fulton, Friedman & Gullace, LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the Texas Debt Collection Practices Act (TDCPA), which also prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against both Defendants Breach of Contract and Civil Conspiracy.

## II. **JURISDICTION**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that Defendant maintains a primary location in this District.

## III. **PARTIES**

4.     Plaintiff, Kimberly Loesch, is an adult natural person residing in Brenham, Texas 77833. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Fulton, Friedman & Gullace, LLP ("Defendant, Fulton"), at all times relevant hereto, is a limited liability partnership engaged in the business of collecting debt within the state of New York with a primary address located at 28 E. Main Street, New York, New York 14614-1928.

6.     Defendant, Discover Bank, ("Defendant, Discover"), at all times relevant hereto, is and was a Delaware corporation engaged in the business of offering consumer credit accounts and collecting payment throughout the United States on those accounts with a headquarters located at 502 E. Market Street, greenwood, Delaware 19950-9700.

7.     Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Fulton, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about May 13, 2011, Plaintiff with assistance from her personal legal counsel entered into a settlement agreement with Defendant, Fulton, to pay on a debt owed to Defendant, Discover. **See "EXHIBIT A" (letter) attached hereto.**

9. Plaintiff's original balance due to Defendant was approximately $9,920.16.

10. Defendant, Fulton, offered the Plaintiff the chance to settle this account for $8,008.00 on behalf of Defendant, Discover.

11. Plaintiff was to make her first payment of $1,338.00 on or before May 30, 2011.

12. Plaintiff was then make five (5) additional payments of $1,334.00.

13. Defendant, Fulton, stated that if any payment was not received as indicated that the agreement would be null and void.

14. Defendant, Fulton's, settlement letter however, does not specify a due date for the remaining five (5) payments to be issued by the Plaintiff.

15. On or about May 17, 2011, Plaintiff along with her legal counsel issued the first payment to Defendant, Fulton, in the amount of $1,338.00.

16. Defendant, Fulton, received and deposited this payment.

17. Defendant, Fulton, did not return this payment.

18. On or about June 17, 2011, Plaintiff issued her second payment to Defendant, Fulton, in the amount of $1,334.00.

19. Defendant, Fulton, received and deposited this payment.

20. Defendant, Fulton, did not return this payment.

21. Plaintiff issued the third payment to Defendant, Fulton, in the amount of $1,334.00.

22. At about that same time, Plaintiff received a summons from Defendant, Fulton, who was now suing Plaintiff on behalf of Defendant, Discover. **See "EXHIBIT B" (summons) attached hereto.**

23. Defendant, Fulton, stated that the Plaintiff failed to honor her payment obligation despite the fact that the Plaintiff was making timely monthly payments as agreed upon in the settlement arrangement made with Defendant, Fulton.

24. On or about June 30, 2011, Plaintiff's attorney sent a letter to Defendant, Fulton, asking them to voluntarily withdrawal their lawsuit since the Plaintiff's first payments had been made timely and as agreed upon. **See "EXHIBIT C" (letter) attached hereto.**

25. Defendant, Fulton, did not respond to the letter sent by Plaintiff's attorney.

26. On or about July 18, 2011, Plaintiff's attorney called Defendant, Fulton, to try and discuss the above referenced matter.

27. Defendant, Fulton, again did not respond to the Plaintiff's attorney.

28. Defendant, Fulton, has not processed Plaintiff's July, 2011 payment.

29. Defendant, Fulton, has not returned Plaintiff's July payment.

30. Plaintiff is scheduled to attend a hearing with Defendant, Fulton, on August 30, 2011.

31. Defendant, Fulton and Defendant, Discover are in breach of the contract that they had in place with the Plaintiff allowing her the opportunity to participate in an agreed upon debt settlement arrangement.

32. Defendant, Fulton and Defendant, Discover's breach is at no fault of the Plaintiff.

33. Defendant, Fulton, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, Fulton, could have taken the steps necessary to bring their

and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34.  At all times pertinent hereto, Defendant, Fulton, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, Fulton, herein.

35.  At all times pertinent hereto, the conduct of Defendant, Fulton, and Defendant, Discover, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36.  As a result of Defendant, Fulton and Defendant, Discover's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Fulton Freeman & Gullace, LLP

37.  The above paragraphs are hereby incorporated herein by reference.

38.  At all times relevant hereto, Defendant, Fulton, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39.  The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692e: Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Fulton, Friedman & Gullace, LLP, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II - TDCPA

## TEXAS DEBT COLLECTION PRACTICES ACT FINANCIAL CODE - SEC. 392 et.al.

### Plaintiff v. Fulton Freeman & Gullace, LLP

40. Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

41. Under the Texas Financial Code, deceptive acts or practices in the conduct of any business conducted in the State of Texas is unlawful.

1. Subchapter D, Section 392.304 (Fraudulent, Deceptive or Misleading Representations);

392.304a(19) Using any false representation or deceptive means to collect a debt or obtain information about a consumer;

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant, Fulton, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III - BREACH OF CONTRACT

### Plaintiff v. Fulton and Discover

42. The above paragraphs are hereby incorporated herein by reference.

43. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Cohen & Slamowitz, and Target, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

44. Defendants, Cohen & Slamowitz, and Target, are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Fulton and Defendant, Discover, for the following:

a. Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT IV - CIVIL CONSPIRACY

### Plaintiff v. Fulton and Discover

45.  Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 8 through 45, inclusive, of this complaint as though fully set forth herein.

46.  Plaintiff is informed and believes and therein alleges that Defendants, and each of them, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

47.  The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

48.  Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

49.  Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

50.  As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: **August 9, 2011**

**BY:** _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com

# EXHIBIT "A"

# FULTON FRIEDMAN & GULLACE LLP

### COLLECTIONS, CONSULTING & LITIGATION

| NEW YORK | TELEPHONE | ARIZONA |
|---|---|---|
| 28 E. Main Street, Suite 500 | (800) 869-2331 | 2345 E Thomas Rd. Suite 460 |
| Rochester, New York 14614 | PLEASE DIRECT ALL CALLS TO TOM MCCARTHY | Phoenix, Arizona 85016 |

New York City Department of Consumer Affairs License Numbers: 1328139, 1344745, 1344743

May 13, 2011

KIMBERLY A LOESCH

Re: CREDITOR: DISCOVER BANK C/O DISCOVER PRODUCTS, INC.
TOTAL DUE: $9920.16    FILE NO: 276721
Account # 6011008484521312

Please accept this correspondence as confirmation that our client is willing to accept the sum of $ 8008.00 in full settlement of your obligation on the above referenced matter. First payment should be received on or before May 30, 2011. Terms are six pays (1) 1338.00 than (5) $ 1334.00. If payment is not received as indicated herein, then the deal is null and void. The full balance owing on the account less credits for payments made will be due.

Please make funds payable to Fulton Friedman & Gullace LLP, as attorneys and send to the New York address listed above. Kindly include your File Number on your payment.

If you are unable to make payments as stated herein, please contact our office for updated payment arrangements. Should you have any questions, please do not hesitate to contact. Thank you and kindest regards.

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

FULTON, FRIEDMAN & GULLACE LLP

FF#: 276721

SIF DBR LETTER

# EXHIBIT "B"

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
**PERSELS & ASSOCIATES, PLLC (NC)**
A National Law Firm Dedicated to Consumer Rights

PO BOX 729
COLUMBIA, MD 21045

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Heidi Saas, licensed in CT, NY
Lisa L. Perrillo, licensed in NC, NY
Thomas Panuthos, licensed in NJ
**Jerrod A. Henderson, licensed in LA, MS, TX**

PHONE: 1-866-939-7252
FAX: 1-888-863-8659

Jimmy B. Persels, licensed in MD (Ret.)

# FAX COVER PAGE

TO: **Johnetta Lang**
FROM: Jerrod Henderson
PAGES: 2
RE: K. Loesch   your file # 276721


Counsel,

Plaese see the following letter and attachments.


Sincerely,

Jerrod A Henderson

Field Attorney
Persels and Associates, PA
Licensed in LA, MS, & TX

T: (866) 939-7252
F: (888) 863-8659

CONFIDENTIALITY NOTICE:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# PERSELS & ASSOCIATES, LLC
## PERSELS & ASSOCIATES, LLP (CA, MI)
## PERSELS & ASSOCIATES, PLLC (NC)
A National Law Firm Dedicated to Consumer Rights

PO BOX 729
COLUMBIA, MD 21045

PHONE: 1-866-939-7252
FAX: 1-888-863-8659

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Heidi Saas, licensed in CT, NY
Lisa L. Perrillo, licensed in NC, NY
Thomas Panuthos, licensed in NJ
**Jerrod A. Henderson, licensed in LA, MS, TX**

Jimmy B. Persels, licensed in MD (Ret.)

June 30, 2011

Johnetta Lang
Fulton, Friedman & Gullace, LLP

RE: Discover v. Kimberly Loesch
Your file no: 276721

Dear Ms. Lang,

    You recently filed a lawsuit against Ms. Loesch. Please see the attached. Also attached is the settlement letter from your law firm for which the first timely payments have been made. Please advise if you will voluntarily withdraw this lawsuit. If not, I will advise Ms. Loesch to pursue a FDCPA lawsuit.

    Thank you for your prompt attention to this matter. The best way to reach me is via e-mail at jhenderson@perselslaw.com or via direct telephone number at 1-888-618-0001.

Sincerely,

Jerrod A. Henderson

TRANSMISSION VERIFICATION REPORT

```
TIME   : 06/30/2011 10:56
NAME   : LAWOFCOFJHENDERSON
FAX    : 18888214580
TEL    : 18886180001
SER.#  : 000L4J375220
```

```
DATE,TIME              06/30 10:54
FAX NO./NAME           12818882400
DURATION               00:01:44
PAGE(S)                05
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# EXHIBIT "C"

CAUSE NO. 4543

| | | |
|---|---|---|
| DISCOVER BANK<br>C/O DISCOVER PRODUCTS, INC.<br>Plaintiff | § | IN THE JUSTICE COURT |
| VS | § | PRECINCT 3 PLACE 1 |
| KIMBERLY A LOESCH<br>Defendant(s) | § | WASHINGTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

This is a suit on a debt. Defendant KIMBERLY A LOESCH can be served with process at the address below.

KIMBERLY A LOESCH
7208 MOCKINGBIRD ROAD APT. 3118
BRENHAM TX 77833

L

Plaintiff DISCOVER BANK C/O DISCOVER PRODUCTS, INC. requests discovery be conducted at Level 1 (TRCP 190.2). In the usual course of business, DISCOVER BANK C/O DISCOVER PRODUCTS, INC. and/or its Predecessor extended credit to KIMBERLY A LOESCH for the purchase of goods, wares, merchandise, services, or for cash advances. KIMBERLY A LOESCH or one duly authorized accepted, used, and derived benefit from the credit account. "Exhibit A" represents the evidence of the balance due as liquidated damages resulting from KIMBERLY A LOESCH use of the credit account.

FPG File # 276721

6-28-2011 7:47AM    FROM GLP PROGRAM 9798479680                                    P. 4

DRP 6/28/2011 11:59 AM 1

## II.

KIMBERLY A LOESCH failure to honor payment obligations created a balance due and owing to DISCOVER BANK C/O DISCOVER PRODUCTS, INC. as shown in "Exhibit A." Despite DISCOVER BANK C/O DISCOVER PRODUCTS, INC. timely demand for payment, payment has not been forthcoming. All conditions precedent have been performed.

## III.

The breach of KIMBERLY A LOESCH led DISCOVER BANK C/O DISCOVER PRODUCTS, INC. to employ the undersigned law firm to file suit, necessitating a reasonable fee for attorney services.

## PRAYER

Plaintiff DISCOVER BANK C/O DISCOVER PRODUCTS, INC. prays judgment against Defendant KIMBERLY A LOESCH be granted for $9889.16, plus reasonable attorneys' fees, costs of court, post-judgment interest at a rate allowable by law, and such other and further relief, legal or equitable, as this Court deems appropriate.

Respectfully submitted,
Fulton Friedman & Gullace, LLP
Attorneys in the Practice of Debt Collection

By: *Lang*

Johnetta Lang, Esq.   SBN#24036943
The Binz Building
1001 Texas Avenue, Suite 500
Houston, Texas 77002
Tel. (866) 563-0809 / Fax (281) 888-2400
ATTORNEYS FOR PLAINTIFF

FPG File # 276721

EX 711

6-28-2011 7:47AM    FROM GLP PROGRAM 9798478668                          P.5
DRP 6/28/2011 11:50 AM 1

|  | CAUSE NO. |  |
|---|---|---|
| **DISCOVER BANK** C/O DISCOVER PRODUCTS, INC. Plaintiff | § | IN THE JUSTICE COURT |
| VS | § | PRECINCT 3 PLACE 1 |
| **KIMBERLY A LOESCH** Defendant(s) | § | WASHINGTON COUNTY, TEXAS |

### PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff in the above-entitled and numbered cause, through undersigned counsel, and serves Plaintiff's Request for Admissions to Defendant. Pursuant to Rule 198 of the Texas Rules of Civil Procedure, you are requested to admit the truth of each of the relevant matters stated in the following list of facts requested to be admitted and to admit to the genuineness of each of the relevant documents described in and exhibited with the attached requested admissions, if any, within 50 days of service of this request. A response must fairly meet the substance of the request, and each request is considered admitted without the necessity of a court order unless the response is timely served by delivering or causing to be delivered to the undersigned attorney of record for Plaintiff, a statement denying specifically each matter of which an admission is requested or stating in detail the reasons that the responding party cannot respond to the request.

The following definitions apply to Plaintiff's Request for Admissions:
1. "Account" shall mean the account, subject of this suit, as reflected in "Exhibit A" of Plaintiff's Original Petition XXXXXXXXXXXX1312.
2. "Defendant" shall mean the Defendant or Defendant of this suit on whom these Request for Admissions are directed and served.
3. "Original Assignor" shall mean the original creditor of the account, subject of this suit, .
    Admit or Deny the following:
No. 1: Admit Defendant entered an agreement whereby Plaintiff or Plaintiff's original assignor extended credit to Defendant on the account. RESPONSE:
No. 2: Admit Defendant, or another with permission of Defendant, accepted the credit extended for the purchase of goods, wares, merchandise, services, or for cash advances. RESPONSE:
No. 3: Admit the prices charged for the goods, wares, merchandise, services, or cash advances referred to in Request No. 2 were the prices agreed to by Defendant, or another with permission of Defendant.    RESPONSE:
No. 4: Admit Defendant received periodic account statements summarizing the account's billing. RESPONSE:
No. 5: Admit Defendant promised to pay Plaintiff or Plaintiff's original assignor on the account.
RESPONSE:
No. 6: Admit Defendant made payments to Plaintiff or Plaintiff's original assignor on the account. RESPONSE: